IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAWN JOHNSON,

        Plaintiff,                     No. CIV S-04-1015 KJM

        vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.               ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////
/////
/////
/////
/////

1

I. Factual and Procedural Background

In a decision dated November 18, 2003, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of borderline intellectual functioning and depressive order NOS but that these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff retains the residual functional capacity to perform an unlimited range of work physically and mentally perform simple job instructions with limited contact with the public and supervisors; plaintiff cannot perform any past relevant work; and using Medical-Vocation Rule 204.00, plaintiff is not

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

disabled. Administrative Transcript ("AT") 17-18, 22-23. Plaintiff contends she is presumptively disabled under Listing 12.05C; the Social Security Rulings direct a conclusion she is disabled; and the ALJ committed error by failing to take the testimony of a vocational expert.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////
/////
/////

III. <u>Analysis</u>

    A.  Listing 12.05C

Plaintiff contends she meets the requirements for Listing 12.05C (Mental Retardation). The Social Security Regulations' "Listing of Impairments" is comprised of impairments to specified categories of bodily systems and/or diseases severe enough to preclude a person from performing gainful activity. <u>Young v. Sullivan</u>, 911 F.2d 180, 183 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe as to be irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all of the requirements of that listing must be met. <u>Key v. Heckler</u>, 754 F.2d 1545, 1550 (9th Cir. 1985). Under Listing 12.05C, a plaintiff is presumptively disabled if he or she has a "valid, verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpt. P, App.1, §12.05C. If a claimant's impairment or combination of impairments meets or exceeds a "listing," no specific finding is necessary as to the claimant's ability to perform his or her past relevant work or any other jobs. 20 C.F.R. § 404.1520(d).

Plaintiff's full scale IQ is 72, her performance IQ is 76, and her verbal IQ is 73. AT 238. Plaintiff contends that because there is a measurement of error of approximately five points in assessing IQ, her full scale IQ of 72 satisfies the requirements of Listing 12.05C. The out-of-circuit district court cases relied on by plaintiff for this analysis, however, have been expressly abrogated. See <u>Burns v. Barnhart</u>, 312 F.3d 113, 124-25 (3rd Cir. 2002); <u>cf</u>. Pl.'s Mem. P. & A. at 4:5-7, 9-10 (case citations). Plaintiff also relies on an unpublished Missouri district court case. Pl.'s Mem. P. & A. at 4:7-9. The court does not find the unpublished Missouri case persuasive and declines to follow its rationale in light of the Circuit authority to the contrary. See <u>Anderson v. Sullivan</u>, 925 F.2d 220, 223 (7th Cir. 1991); <u>Ellison v. Sullivan</u>, 929 F.2d 534 (10th Cir. 1990); <u>Cockerham v. Sullivan</u>, 895 F.2d 492, 495 (8th Cir. 1990). Plaintiff thus fails to establish a valid IQ within the requirements of Listing 12.05C.

In the reply, plaintiff argues that the body of the ALJ's decision states plaintiff meets Listing 12.05C, citing the administrative transcript at page 20. It is apparent from the context of the referenced text, however, that this is a mischaracterization. In the section immediately proceeding the cited text, the ALJ expressly stated plaintiff's mental impairment is not of listing severity under 12.05. AT 17-18. The ALJ confirmed this finding in the "Findings" portion of the decision. AT 20 (Finding no. 3). The statement in the decision relied on by plaintiff for her assertion that the ALJ found plaintiff meets the requirements of the first prong of 12.05C (IQ of 60 through 70) is set forth in the context of analyzing whether plaintiff meets the "B" criteria of the listings for mental impairment. However, the "B" criteria for listed mental impairments, which generally describe impairment-related functional limitations, are inapplicable under Listing 12.05C. See 20 C.F.R. Part 404, Subpt. P, App.1, § 12.00A ("structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings"). The analysis of the "B" criteria contained in the cited reference is simply inapplicable to the determination of whether plaintiff is disabled under Listing 12.05C. A misstep in drafting on the part of the ALJ cannot overcome the fundamental failure of the evidence to establish a valid IQ score of 60 through 70.

        B.  Social Security Ruling 96-9p

Plaintiff also contends Social Security Ruling 96-9p directs a conclusion that plaintiff is disabled. This ruling explains the Commissioner's policies regarding the impact of a residual functional capacity for less than a full range of sedentary work. SSR 96-9p. In the reply brief, plaintiff concedes this ruling is inapplicable to her claim for disability benefits because she can perform more than sedentary work. Plaintiff then cites Social Security Ruling 85-15 as a basis for disability, contending the ALJ's findings support a conclusion she suffers a substantial loss of ability to respond appropriately to supervision, coworkers and usual work situations.

Plaintiff is correct that Social Security Ruling 85-15 notes that certain basic mental demands, including responding appropriately to supervision, are required for competitive,

remunerative, unskilled work. SSR 85-15. The ALJ only found, however, that plaintiff should have limited contact with the public and supervisors. AT 23. This is not a finding, nor is there any evidence in the record, that if plaintiff is limited in her contacts she cannot respond appropriately to supervision or the public.[2] Moreover, the ALJ correctly noted that the primary work functions in the bulk of unskilled work relate to working with things, rather than with people, and that therefore plaintiff's limitations with respect to contact with other people would not bar plaintiff from performing unskilled work. AT 20; see 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.00(I), 202.00(g); SSR 85-15. The Social Security Rulings do not compel a conclusion plaintiff cannot perform unskilled work and the ALJ's finding in this regard will be upheld.

        C.  Vocational Testimony

Plaintiff also contends that the ALJ should have taken the testimony of a vocational expert because she has a nonexertional limitation. The ALJ relied on the Medical-Vocational Guidelines ("the grids") in finding plaintiff is not disabled. The grids are in table form. The tables present various combinations of factors the ALJ must consider in determining whether other work is available. See generally Desrosiers, 846 F.2d at 577-78 (Pregerson, J., concurring). The factors include residual functional capacity, age, education, and work experience. For each combination, the grids direct a finding of either "disabled" or "not disabled."

There are limits on using the grids, an administrative tool to resolve individual claims that fall into standardized patterns: "[T]he ALJ may apply [the grids] in lieu of taking the testimony of a vocational expert only when the grids accurately and completely describe the

---

[2] The ALJ found plaintiff has moderate difficulty maintaining social functioning, concentration, persistence and pace. AT 20. These findings were accommodated by the ALJ in limiting plaintiff to unskilled work. AT 23. By limiting plaintiff to unskilled work, the ALJ noted plaintiff's moderate nonexertional limitations did not significantly compromise her ability to perform work at all exertional levels. AT 23.

claimant's abilities and limitations." Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985); see also Heckler v. Campbell, 461 U.S. 458, 462 n.5, 103 S. Ct. 1952, 1955 n.5 (1983).  The ALJ may rely on the grids, however, even when a claimant has combined exertional and nonexertional limitations, if nonexertional limitations are not so significant as to impact the claimant's exertional capabilities.³ Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990), overruled on other grounds, Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see also Odle v. Heckler, 707 F.2d 439 (9th Cir. 1983) (requiring significant limitation on exertional capabilities in order to depart from the grids).

Plaintiff contends that the use of a vocational expert was mandatory in her case because of severe mental impairments.  The ALJ found plaintiff is mentally limited to performing simple job instructions with limited contact with the public and supervisors.  AT 23.  The ALJ thus found plaintiff had nonexertional impairments.  Plaintiff does not dispute the ALJ's characterization of her mental impairments.  The ALJ expressly relied on the administrative notice that approximately 2, 500 unskilled jobs are available for medium work.  AT 22; see 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 203.00.  The ALJ used grid rule 204.00, which is applicable to those who retain the residual functional capacity for heavy work and includes the unskilled jobs noticed in the grids for lesser functional levels.  See 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 204.00 (residual functional capacity to perform heavy work or very heavy work includes the functional capability for work at the lesser functional levels).  Under these circumstances, there was no error in relying on the grids to find plaintiff was not disabled.

---

³ Exertional capabilities are the "primary strength activities" of sitting, standing, walking, lifting, carrying, pushing, or pulling. 20 C.F.R. § 416.969a (b) (2003); SSR 83-10, Glossary; compare Cooper v. Sullivan, 880 F.2d 1152, 1155 n.6 (9th Cir.1989).
Non-exertional activities include mental, sensory, postural, manipulative and environmental matters that do not directly affect the primary strength activities. 20 C.F.R. § 416.969a (c) (2003); SSR 83-10, Glossary; Cooper, 880 F.2d at 1155 & n. 7 (citing 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)). "If a claimant has an impairment that limits his or her ability to work without directly affecting his or her strength, the claimant is said to have nonexertional (not strength-related) limitations that are not covered by the grids." Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993) (citing 20 C.F.R., pt. 404, subpt. P, app. 2 § 200.00(d), (e)).

1  The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion for summary judgment or remand is denied, and

   2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 30, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
johnson3.ss